**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| GERALD R. FAZZARI, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | CIVIL ACTION NO. |
| : | 2:12-CV-00221-RWS |
| CITIMORTGAGE, INC., : | |
| MORTGAGE ELECTRONIC : | |
| REGISTRATION SYSTEMS, : | |
| INC., UNITED COMMUNITY : | |
| MORTGAGE SERVICES, and : | |
| PENDERGAST & ASSOCIATES, : | |
| P.C., : | |
| : | |
| Defendants. : | |

**ORDER**

This case comes before the Court on Plaintiff's Motion for Temporary Restraining Order ("TRO") and/or Preliminary Injunction (the "Motion") [2]. For the reasons that follow, the Motion is **DENIED**.

This litigation arises out of the foreclosure of Plaintiff's mortgage loan and sale of his property. (See generally Compl., Dkt. [1-3] at 6-22 of 50.) In the Complaint, Plaintiff raises the following claims: "Set Aside Foreclosure Attempt" (Count 1); "Wrongful Foreclosure" (Count 2); "Breach of Covenant or Agreement" (Count 3); "Negligent Servicing" (Count 4); and "Fraud:

AO 72A
(Rev.8/82)

Misrepresentation Pursuant to O.C.G.A. § 23-2-52"(Count 5).  Plaintiff now moves for a TRO or preliminary injunction "to prevent the eviction of Plaintiff from [his real property]."  (Pl.'s Mot., Dkt. [2] at 10 of 13 ("Conclusion and Prayer for Relief").)

     To obtain a preliminary injunction, the moving party must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the movant outweighs the damage to the opposing party; and (4) granting the injunction would not be adverse to the public interest.  Four Seasons Hotels & Resorts v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003).  "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites."  United States v. Jefferson Cnty., 720 F.2d 1511, 1518 (11th Cir. 1983) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974)).  The standard for a preliminary injunction also applies to a request for a temporary restraining order.  Morgan Stanley BW, Inc. v. Frisby, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001).

AO 72A
(Rev.8/82)

The Court finds that Plaintiff has failed to establish a substantial likelihood of success on the merits of his claims and, therefore, is not entitled to the relief he currently seeks.  The allegations made in Plaintiff's Motion and Complaint are largely legal conclusions or incomprehensible factual assertions, lacking of any evidentiary support.  Accordingly, the Court cannot find that Plaintiff is substantially likely to succeed on the merits of his claims.  Because Plaintiff has failed to show a likelihood of success on the merits, the Court need not consider the other prerequisites to a TRO or preliminary injunction.  Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [2] is **DENIED**.

**SO ORDERED**, this  8th  day of February, 2013.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)