# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| GERALD R. FAZZARI, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 2:12-CV-0221-RWS |
| CITIMORTGAGE, INC., | : |
| MORTGAGE ELECTRONIC | : |
| REGISTRATION SYSTEMS, | : |
| INC., UNITED COMMUNITY | : |
| MORTGAGE SERVICES and | : |
| PENDERGAST & ASSOCIATES, | : |
| P.C., | : |
| | : |
| Defendants. | : |

## ORDER

This case is before the Court on Plaintiff's Motion for Declaratory Relief to Set Aside Foreclosure for Injunctive Relief and Petition for Quiet Title (Doc. 3) and motions to dismiss filed by Defendants Pendergast & Associates, P.C., CitiMortgage, Inc., Mortgage Electronic Registration Systems, Inc., and United Community Mortgage Services (collectively "Defendants"). (Docs. 6, 8, 11). For the reasons discussed below, Plaintiff's Motion for Declaratory Relief to Set Aside Foreclosure for Injunctive Relief and Petition for Quiet Title (Doc. 3) is **DENIED as moot**. Defendants' motions to dismiss (Docs. 6, 8, 11) are **GRANTED**.

AO 72A
(Rev.8/82)

## BACKGROUND and PROCEDURAL HISTORY[1]

On or about June 18, 2004, Plaintiff obtained a loan from United Community Mortgage Services ("United"), secured by property at 626 Ashley Drive, Elijay, Georgia 30540. (*See* Ex. A to Doc. 6). In connection with the loan, Plaintiff signed a Security Deed ("the Security Deed" or "the Deed") in favor of United and its successors and assigns, granting United a first priority security interest in the property to secure Plaintiff's indebtedness under the Note. (*See id.*). The Security Deed granted United, and its successors and assigns, with power of sale of the property. (*Id.*). United later transferred its right, title, and interest in the Security Deed to CitiMortgage, Inc. ("CitiMortgage"), as evidenced by an Assignment recorded on August 4, 2011. (*See* Ex. B to Doc. 6). After Plaintiff defaulted on the loan, CitiMortgage accelerated the balance of the mortgage debt

---

[1] These facts are taken from Plaintiff's Complaint, and from copies of documents referred to in the Complaint that relate to the loan transaction and foreclosure at issue, which are attached as exhibits to Defendants' motions to dismiss (Docs. 6, 8, 11). In ruling on a motion to dismiss, the court may consider documents attached to the motion if those documents are central to the complaint and not in dispute. *See Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999); *Okim v. Bank of Am.*, No. 1:12-cv-01759-TWT-GGB, 2012 U.S. Dist. LEXIS 168788, at *7 (N.D. Ga. Oct. 25, 2012) (noting that the court is authorized to consider documents attached to motions to dismiss where "the document is central to Plaintiff's claims, and the authenticity of the document has not been challenged").

and commenced non-judicial proceedings, as authorized under the Security Deed. (Ex. C to Doc. 1 at ¶¶ 30, 31, 33, 34, 58).

Before CitiMortgage could conduct a foreclosure sale, Plaintiff sued Defendants in Gilmer County Superior Court for, among other things, failure to report disputes, breach of contract, and misrepresentation of amount owed. (*See generally* Doc. 1 in *Fazzari v. CitiMortgage, Inc. et al*, No. 2:11-cv-000283-RWS). Defendants removed the case to this Court and subsequently moved to dismiss the lawsuit under FED. R. CIV. P. 12(b)(6) for failure to state a claim. (Docs. 1, 5, 6, 10 in No. 2:11-cv-000283-RWS). After Plaintiff failed to submit a Certificate of Interested Persons, as required by court order, Magistrate Judge Susan Cole entered two additional Orders in which she warned Plaintiff about the possibility of his lawsuit being dismissed for failure to comply with court rules and orders and directed him to submit a Certificate of Interested Persons. (Docs. 12, 13 in No. 2:11-cv-00283-RWS). He never did. As a result of Plaintiff's repeated failure to comply with court rules and orders, on January 11, 2012, this Court dismissed Plaintiff's complaint with prejudice and denied as moot Defendants' motions to dismiss. (Doc. 15 in No. 2:11-cv-00283-RWS).

3

Later that year, Plaintiff, proceeding *pro se*, filed the instant lawsuit against Defendants in Gilmer County Superior Court. (Ex. C to Doc. 1). In his Complaint, Plaintiff asserts the following claims: (1) set aside foreclosure attempt; (2) wrongful foreclosure; (3) breach of covenant or agreement; (4) negligent servicing; and (5) fraud. (*See generally id.*). Along with his Complaint, Plaintiff also submitted a Motion for Declaratory Relief to Set Aside Foreclosure for Injunctive Relief and Petition for Quiet Title (Doc. 3). Defendants removed the lawsuit to this Court and subsequently filed separate motions to dismiss, asserting that Plaintiff's complaint should be dismissed for failure to state a claim and because his claims are barred by res judicata. (Docs. 6, 8, 11).[2] Plaintiff responded to the motions (Doc. 10), and CitiMortgage, Mortgage Electronic Registration Systems, Inc ("MERS"), and Pendergast & Associates, P.C. ("Pendergast") replied (Doc. 12, 13). With briefing now complete, the Court turns to the merits of the motions.

**DISCUSSION**

**I.    Defendants' Motions to Dismiss**

    **A.    Motion to Dismiss Standard**

---

[2] Although it appears from Defendants' briefs that res judicata may apply to this lawsuit, the Court need not make that determination, as Plaintiff's Complaint fails to state a claim.

4

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79. A complaint is not sufficient "if it tenders [only] 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). To be plausible, a complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

5

complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Boyd v. Peet*, 249 Fed. Appx. 155, 157 (11th Cir. 2007) (unpublished decision) (affirming the district court's order granting a motion for judgment on the pleadings and explaining that "[t]he complaint's allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's complaint should be dismissed").

Because Plaintiff is proceeding in this litigation *pro se*, his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted)). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010).

### B.   Defendant Pendergast's Motion to Dismiss

As an initial matter, the Court agrees with Pendergast that the Complaint against it is due to be dismissed. As noted above, Plaintiff's claims arise out of alleged foreclosure proceedings initiated by CitiMortgage. Pendergast was only

6

involved in the alleged proceedings as counsel for CitiMortgage. Pendergast is not the holder of the Security Deed and did not service the loan. (*See generally* Ex. A to Doc. 6; Ex. C to Doc. 1). As a result, Pendergast is not a proper party to this lawsuit. *See McCalla, Raymer, Padrick, Cobb, Nichols & Clark v. C.I.T. Financial Services, Inc. et al.*, 235 Ga. App. 95, 96, 508 S.E.2d 471 (Ga. Ct. App. 1998) ("[T]he proper party to any claim for wrongful foreclosure is not [the creditor's counsel]; it is [ ] the foreclosing creditor and holder of the note and security deed on the property."). Accordingly, Pendergast's motion to dismiss (Doc. 6) is **GRANTED**.

### C. Plaintiff's Claims for Relief

#### 1. Set Aside The Foreclosure Attempt (Count I)

In Count I, Plaintiff alleges that CitiMortgage had no right to initiate a foreclosure sale and requests that the Court set aside the foreclosure sale. (Ex. C to Doc. 1 at ¶ 27). Defendant CitiMortgage contends that this claim should be dismissed because Plaintiff offers only "conclusory allegeations and no plausible facts in support" of this claim. (Doc. 8 at 17).

The Court agrees with CitiMortgage. Although Plaintiff maintains that CitiMortgage improperly foreclosed on his home, he provides no facts to support

7

this allegation. In any event, the Security Deed, which United properly assigned to CitiMortgage (*see* Ex. B to Doc. 6), expressly provides: "[Plaintiff] does hereby grant and convey to [United] and [United's] successors and assigns, with power of sale .…" Accordingly, the Court finds that CitiMortgage had the authority, upon Plaintiff's default, to foreclose on the property, and therefore, Plaintiff's claim to set aside the foreclosure sale attempt (Count I) is **DISMISSED**.

### 2. Wrongful Foreclosure (Count II)

In Count II, Plaintiff raises a claim for wrongful foreclosure. "In Georgia, a plaintiff asserting a claim of wrongful foreclosure [must] establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." *Gregorakos v. Wells Fargo Nat'l Ass'n*, 285 Ga. App. 744, 747-748, 647 S.E.2d 289 (Ga. Ct. App. 2007).

In his Complaint, Plaintiff claims that Defendants breached their duty to exercise fairly the power of sale by denying him the right to reinstate his mortgage, cure any alleged default, and that Defendants falsely advertised the sale of the property in violation of O.C.G.A. 44-14-162, but he does not provide any facts supporting these allegations. (*See* Ex. C to Doc. 1 ¶¶ 28-38). Additionally, he

does not allege a causal connection between Defendants' alleged breach and the injuries he sustained, much less any facts concerning the alleged breach or resulting injury. (*See id.*). Accordingly, the Court finds that Plaintiff has failed to state a plausible claim and that his wrongful foreclosure claim (Count II) should be **DISMISSED**.

### 3. Breach of Covenant or Agreement (Count III)

In Count III, Plaintiff alleges that CitiMortgage "failed to honor the terms of the Security Deed." (Ex. C to Doc. 1 at ¶ 41). More specifically, he alleges that CitiMortgage breached the Security Deed "by failing to accelerate pursuant to paragraph 22 of the [Security Deed]" and, as a result, his property was wrongfully foreclosed and he is in the process of being dispossessed. (*See id.* at ¶¶ 44-45).

Under Georgia law, once the existence of a contract is established, a plaintiff may only recover damages for breach of contract by demonstrating: (1) plaintiff's performance of the contract, (2) defendant's breach of the contract, and (3) the breach caused the plaintiff harm. *Jones v. Central Builders Supply Co.*, 217 Ga. 190, 196, 121 S.E.2d 633 (Ga. 1961) (citations omitted). In this case, Plaintiff alleges no facts to demonstrate how CitiMortgage breached paragraph 22 of the Security Deed. Nor does paragraph 22 of the Security Deed require Defendants

9

to accelerate the Security Deed in the event of a default; it only requires Defendants to notify Plaintiff prior to acceleration. (*See* Ex. A to Doc. 6 at ¶ 22). Consequently, because Plaintiff alleges no facts to establish that CitiMortgage failed to notify him prior to acceleration, his claim for breach of contract (Count III) fails and is therefore **DISMISSED**.

### 4. Negligent Servicing (Count IV)

In Count IV, Plaintiff brings a claim for negligent servicing against CitiMortgage. He claims that CitiMortgage "owed a duty to Plaintiff to avoid unreasonable risks of harm arising out of ordinary care to comply with standatd [sic], professional, and responsible practices relating to mortgage lending and servicing." (Ex. C to Doc. 1 at 48). He also maintains that CitiMortgage "negligently serviced the loan in breach of its duty to Plaintiff to maintain proper and accurate loan records." (*Id.* at ¶ 49).

Under Georgia law, "[a]bsent a legal duty beyond the contract, no action in tort may lie upon an alleged breach of [a] contractual duty." *See Fielbon Dev. Co., LLC v. Colony Bank of Houston Cty.*, 290 Ga. App. 847, 855, 660 S.E.2d 801 (Ga. Ct. App. 2008) (internal citations omitted). Additionally, the Court of Appeals of Georgia has held that a borrower and its secured lender have no relationship

10

beyond that imposed by contract. *Commercial Bank & Trust Co. v. Buford*, 145 Ga. App. 213, 214, 243 S.E.2d 637 (Ga. Ct. App. 1978) ("[T]he only relationship between [borrower] and the bank was that which arose out of the note and security deed."). Here, Plaintiff has not alleged any duty owed by CitiMortgage outside of the Security Deed. Nor has he alleged any facts to support a negligent servicing claim against CitiMortgage. Absent any factual allegations, the claim does not satisfy the requirements of Rule 8, *Twombly,* and *Iqbal.* Therefore, Plaintiff's claim for negligent servicing fails and (Count IV) is **DISMISSED**.

### 5. Fraud (Count V)

In Count V, Plaintiff asserts a claim for fraud. The only allegation in the Complaint regarding fraud is the assertion that CitiMortgage "misrepresent[ed] to Plaintiff that his lendor [sic] will not foreclose on his property during the time he was being considered for a modification." (Ex. C to Doc. 1 at ¶ 55). This statement is plainly insufficient to state a claim. To avoid dismissal, a complaint alleging fraud must include "(1) precisely what statements were made in … oral representations … (2) the time and place of each such statement and the person responsible for making … same, and (3) the content of such statements and the manner in which they misled plaintiff, and (4) what the defendants obtained as a

11

consequence of the fraud." *U.S. ex rel. Clausen v. Lab Corp. Of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002).  Here, Plaintiff's allegation fails to include the time and place of each fraudulent statement, the person responsible for making the fraudulent statement, and precisely what fraudulent statements were made.  (*See* Ex. C to Doc. 1 ¶¶ 53-74).  As such, it is insufficient to state a claim.  Accordingly, Plaintiff claim for fraud (Count V) is **DISMISSED**.

## CONCLUSION

In accordance with the foregoing, Defendants' Motions to Dismiss (Docs. 6, 8, 11) are **GRANTED**.  Additionally, because this case is dismissed, Plaintiff's Motion for Declaratory Relief to Set Aside Foreclosure for Injunctive Relief and Petition for Quiet Title (Doc. 3) is **DENIED AS MOOT**.

**SO ORDERED**, this  17th  day of September, 2013.

*[signature]*

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)